# EXHIBIT B

02-10-22

2/2/2022 12:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61388096
By: Rhonda Momon
Filed: 2/2/2022 12:25 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL WEATHERSBY, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FIESTA MART, L.L.C. and BODEGA LATINA CORPORATION | § § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF MICHAEL WEATHERSBY'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, Michael Weathersby,** hereinafter referred to as "Plaintiff" or "Weathersby," and files this his Plaintiff's Original Petition against **Fiesta Mart, L.L.C. (Fiesta) and Bodega Latina Corporation (Bodega Latina)** hereinafter referred to as "Defendants" and in support thereof, for cause of action would respectfully show:

### I.
### DISCOVERY CONTROL PLAN

1.1 Plaintiff requests that Discovery be conducted under Level III of TEXAS RULES OF CIVIL PROCEDURE. Plaintiff hereby requests that the parties to the lawsuit be permitted to enter an agreed docket control order to schedule the deadlines of the instant action.

### II.
### PARTIES

2.1 Plaintiff, **Michael Weathersby,** is a resident citizen of Houston, Texas.

2.2 Defendant, **Fiesta Mart, L.L.C.,** is a domestic limited-liability corporation licensed to do business in Texas, hand may be served by serving the registered agent **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.**

2.3 Defendant, **Bodega Latina Corporation** is a foreign for-profit corporation

licensed to do business in Texas, hand may be served by serving the registered agent **URS Agents, LLC, 3610-2 N. Josey Lane #223, Carrolton, Texas 75007**

2.4 Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby brings suit against all partnerships, unincorporated associations, individuals, entities, and private corporations doing business under the assumed or common name of Fiesta or Fiesta Mart. Pursuant to TRCP 28, in the event that any Defendant is being sued under its assumed or common name, Plaintiff requests that Defendants answering in their true name.

### III.
### JURISDICTION AND VENUE

3.1 This Court has jurisdiction in this matter because the damages to Plaintiff are within the jurisdictional limits of this Court. Plaintiff's the damages are greater than $250,000.00 and exceed $1,000,000.00

3.2 All or a substantial part of the events or omission giving rise to the claim occurred in Harris County. Therefore, venue is proper pursuant to §15.001 and §15.002(a) (1) of the Texas Civil Practice & Remedies Code.

3.3 All other conditions precedent to the filing of this suit have been met.

### IV.
### FACTUAL BACKGROUND

4.1 This case arises from a violent personal attack against Plaintiff Michael Weathersby caused by the negligent acts of the Defendants Fiesta Mart, LLC and Bodega Latina Corporation. Nothing Plaintiff did caused or contributed to this occurrence.

4.2 On or about December 9, 2021, Michael Weathersby was an invitee on the premises owned and operated by Defendant Fiesta and/or Defendant Bodega Latina at Fiesta Store #24

located at Fondren and W. Bellfort in Houston, Harris County, Texas. Plaintiff was on the premises of Fiesta for the purpose of shopping in Defendant's supermarket. As Plaintiff Weathersby was walking inside the store near the produce section, Plaintiff was brutally and violently attacked and robbed. Due to Defendant's negligence in the failure of having adequate security and failure to provide a safe and secure shopping premise for their guests, Plaintiff was seriously and permanently injured, including the loss of his eye. Plaintiff Weathersby was rushed to the emergency room for his injuries which have subsequently required extensive, invasive, and ongoing medical treatment

## V.
## CAUSES OF ACTION AGAINST
## FIESTA MART, LLC and BODEGA LATINA CORPORATION

5.1    The Defendant Fiesta Mart, LLC and/or Bodega Latina Corporation retained control over the premises, the premise security and the safety of their patrons. Defendants' control gave rise to a duty to provide a safe and danger free shopping area to Plaintiff. These rights of control, coupled with the likelihood and foreseeability of criminal activity in the store, gave rise to a duty to provide adequate security. Defendants knew or should have known of the unreasonable and foreseeable risk of danger and harm to the invitee, Michael Weathersby, and failed to warn him or take adequate steps to correct the dangerous situation.

5.2 Defendant Fiesta and/or Bodega Latina undertook to perform services that it knew or should have known were necessary for Plaintiff's protection which included providing security at their store. Plaintiff relied upon Defendants providing a safe and secure shopping experience free from danger and harm. Defendants are negligent in their undertaking to provide adequate security and failed to take steps to provide reasonable security which would have deterred and prevented Plaintiff's brutal attack inside their store.

5.3   As a proximate and producing result of Defendants' negligence, Plaintiff Weathersby was the victim of a violent assault. The independent conduct of Defendants constitutes negligence. Such negligent acts and omission include, but are not limited to the following:

(a)   Failing to provide warning of the potential danger and dangerous activity;

(b)   Failing to correct the dangerous activity of which it knew or should have known;

(c)   Failing to provide a safe ingress and egress in its store for its customers;

(d)   Failing to exercise reasonable care to reduce or eliminate the dangerous condition;

(e)   Failing to properly train its employees to provide safe and secure surrounding for the customers;

(f)   Failing to provide competent and properly trained security guards;

(g)   Failing to provide adequate security and protection for their customers, and

(h)   In such other ways to be shown at or before the time of trial.

5.4   The foregoing acts and omissions, singularly and collectively, on the part of this Defendant constituted negligence and such negligence was a proximate cause of the occurrence made basis of this suit and Plaintiff's injuries and damages.

## VI.
## GROSS NEGLIGENCE OF
## DEFENDANT FIESTA MART, LLC and BODEGA LATINA CORPORATION

6.1   Defendant Fiesta Mart and/or Bodega Latina was the owner occupier of the premise at the time of the incident in question. Defendant Fiesta Mart and/or Bodega Latina knew or should

have known that invitees on their property were in potential danger in light of the occurrence of numerous criminal incidents in and around the premises and surrounding neighborhood. In spite of this knowledge, Defendants Fiesta Mart and/or Bodega Latina failed to provide adequate security and failed to implement proper safety measures to protect invitees on their premises, this grossly negligent conduct was a was a proximate cause of Plaintiff's injuries and damages.

6.2    The conduct of these Defendants, which when viewed objectively from the standpoint of these Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. These Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Consequently, Defendants' conduct constitutes gross negligence. Such gross negligence was a proximate cause of the occurrence and Plaintiff's resulting injuries and damages.

## VII.
## DAMAGES

7.1    As a result of the negligent acts of Defendants, Plaintiff Weathersby has incurred necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

7.2    As a direct and proximate result of the negligence of Defendants, Plaintiff suffered severe injuries and extreme physical pain, suffering and mental anguish, physical incapacity and in all probability, Plaintiff will be forced to endure physical pain, suffering, mental anguish and physical incapacity for an undetermined length of time and probably for the remainder of his life. In the incident made the basis of this suit, Plaintiff suffered serious and permanent injuries, including the permanent loss of vision in his right eye and extreme emotional distress. As a direct

and proximate cause of Defendants' negligent conduct and resulting injuries, Plaintiff has been forced to undergo extensive treatment and physical therapy, diagnostic testing and other various types of treatment to heal his physical injuries. To date, Plaintiff Weathersby continues to suffer the effects of his injury and impairments and continues to seek medical treatment.

      7.3    All damages sought by Plaintiff include damages that were sustained in the past, and that, in reasonable probability, will be sustained in the future. Plaintiff seeks both pre-judgment and post judgment interest as allowed by law, for all costs of Court, and all other relief, both at law and in equity. Therefore, Plaintiff will seek to recover all damages allowed by law, including any damages to compensate him for the following:

    (a)    All necessary medical care expenses in the past;

    (b)    All necessary medical care that, in reasonable probability, Plaintiff Weathersby will sustain in the future;

    (c)    Physical pain and suffering in the past;

    (d)    Physical pain and suffering that, in reasonable probability, Plaintiff Weathersby will sustain in the future;

    (e)    Mental anguish in the past;

    (f)    Mental anguish that, in reasonable probability, Plaintiff Weathersby will sustain in the future

    (g)    Physical impairment in the past;

    (h)    Physical impairment that, in reasonable probability, Plaintiff Weathersby will sustain in the future;

    (i)    Disfigurement in the past;

    (j)    Disfigurement that, in reasonable probability, Plaintiff Weathersby will

sustain in the future;

(k)  Lost earnings in the past;

(l)  Loss of earning capacity that, in reasonable probability, Plaintiff Weathersby will sustain in the future; and

(m)  Punitive damages.

## VIII.
## REQUIRED DISCLOSURE

8.1  Pursuant to Texas Rule of Civil Procedure 194, Defendant is required to disclose, within thirty (30) days after filing of the first answer or general appearance the information or material described in Rule 194.2 (a)-(l).

## IX.
## RULE 193.7 NOTICE

9.1  Plaintiff hereby puts Defendant on notice that Plaintiff intends to use Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by TEXAS RULE OF CIVIL PROCEDURE 193.7.

## X.
## JURY DEMAND

10.1  Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff respectfully requests and demands a trial by jury.

## XI.
## PRAYER

11.1  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff have and recover judgment of and from the Defendant pursuant to the above and foregoing allegations in

such amounts as hereinabove set out and as the evidence may show proper at the time of trial, together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,
**Brown & Musslewhite, LLLP**

By: */s/ Jeff Musslewhite*
Jeff Musslewhite
SBN 24041555
Jeff@lbjmlaw.com
Lori L. Brown
SBN 00792375
Lori@lbjmlaw.com
1776 Yorktown, Suite 450
Houston, Texas 77056
Telephone 281-810-8780
Facsimile 888-599-4190

*THE MANGINELLO LAW FIRM, PLLC*

*/s/ Ralph P. Manginello*
Ralph P. Manginello
State Bar No. 24007597
mlfrmanginello@yahoo.com
1776 Yorktown, Ste. 450
Houston, Texas 77056
(713) 528-9070 - Phone
(713) 529-4998 – Fax